THE MERCHANTS INSURANCE COMPANY OF NEWARK, NEW JERSEY *vs.* ALEXANDER BROWN & SONS.

*Insurance policy—Conditions of Policy—Sale under Foreclosure of Mortgage.*

An insurance policy contained a clause making the policy void, "if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed." Under a power of sale contained in a mortgage of the insured property, the same was advertised and sold by the duly constituted attorney of the mortgagee and the sale was reported to the Circuit Court. In an action on the policy, it was HELD:

That the proceedings for sale under the power contained in the mortgage showed such a notice of sale under a mortgage or trust deed as was meant by the clause of forfeiture, and the plaintiffs were not entitled to recover.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, PAGE, ROBERTS, and McSHERRY, J.

*Robert D. Morrison,* (with whom were *Howard Munnikhuysen* and *Nicholas P. Bond,* on the brief,) for the appellant.

*Stewart Brown,* (with whom was *Arthur Geo. Brown,* on the brief,) for the appellees.

BRYAN, J., delivered the opinion of the Court.

This case is similar to the preceding one in all material particulars, except in one of the clauses of for-

feiture contained in the policy. This clause makes the policy void, "if, with the knowledge of the insured, fore-closure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." The defendant's second prayer presents the defence that the proceedings for sale under the power contained in the mortgage showed such a notice of sale under a mortgage or trust deed as was meant by this clause of forfeiture. It was rejected by the Court and defendant excepted. The language of the policy is clear and distinct and we must give effect to it. The prayer ought to have been granted. As the plain-tiffs' cause of action is defeated by the operation of this clause, the judgment must be reversed without a new trial.

*Judgment reversed.*

(Decided 19th January, 1893.)