(11 App. Div. 68.)

WOODSIDE BREWING CO. v. PACIFIC FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

INSURANCE—CONDITIONS OF POLICY.
> Under a provision in a policy that it shall be void, unless otherwise provided by agreement indorsed thereon, if, with the knowledge of the insured, proceedings be commenced to foreclose a mortgage on the property, and that no condition of the policy can be waived except by writing thereon, such a foreclosure, without indorsement on the policy, voids the policy, notwithstanding notice of the foreclosure proceedings is given the agent who issued the policy.

Appeal from city court of Brooklyn, trial term.

Action by the Woodside Brewing Company against the Pacific Fire Insurance Company. From a judgment entered on a verdict directed for defendant, and an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Raphael J. Moses, for appellant.
John Notman, for respondent.

BROWN, P. J.   This action was brought by the plaintiff to recover upon a policy of insurance dated December 24, 1890, issued by the defendant to the plaintiff, upon a frame dwelling and saloon situated at Woodside, Long Island, for an alleged loss by fire which occurred on January 31, 1893.   The policy, among other conditions, contained the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

And it was further provided that:

"No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

At the time the policy was issued, there were three mortgages upon the property.   These mortgages were thereafter held by one Thomas J. Betts, who, on December 15, 1892, commenced an action to foreclose the same.   The plaintiff herein was a defendant to that action, and the summons and complaint were served upon it on December 21, 1892.   The plaintiff appeared therein by attorney on the 3d day of January, 1893; and on the 19th of January the usual judgment of foreclosure and sale was entered.   Notice of the sale of the mortgaged premises, to be made pursuant to such judgment, was first published on the 27th day of January, and the premises were thereafter sold.   No consent to such foreclosure action was indorsed upon the policy, but upon the trial the plaintiff offered to prove oral notice of the commencement and pendency of such action, given by the attorney for the plaintiff herein to one Joseph J. Eiseman, who was the agent of the defendant, and who had issued the policy in suit.   This evidence was objected to by the defendant, and excluded by the court, to which exception was duly taken.   At the close of the testimony, the court directed a verdict for the defendant, to which the plaintiff excepted.

It is the contention of the defendant that, in the absence of an agreement or a consent indorsed upon the policy, the foreclosure action and sale rendered the policy void.   This precise question was decided by the court of appeals in the case of Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31, and Moore v. Insurance Co., 141 N. Y. 219, 36 N. E. 191, and it was there held that, in the absence of an agreement indorsed upon the policy or added thereto, the policy was void, and the plaintiff could not recover thereon.   In reference to the oral notice to the agent, and his knowledge of the commencement and pendency of the foreclosure proceedings, it was said by the court, in the case first cited, that:

"Where the restrictions upon an agent's authority appear in the policy, and there is no evidence tending to show that his powers have been enlarged, there seems to be no good reason why the authority expressed should not be regarded as the measure of his power; nor is there any reason why the courts should refuse to enforce forfeitures plainly incurred which have not been expressly or impliedly waived by the company."

The appellant has called our attention to the case of Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159, which he claims is an authority for the admission of parol testimony to show that the company, by reason of the knowledge of the agent of the commencement of the foreclosure proceedings, was estopped from setting up the clause in the policy requiring the notice of foreclosure to be indorsed thereon. The case cited relates solely to the knowledge of an agent, acquired before the policy was issued, of the existence of facts which would render it void. It has no relevancy upon the question presented in the case before the court. The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued, is too well established by the authorities of this state to need discussion. But the facts of this case do not bring it within the principle of the case cited. Neither is there anything in Manchester v. Assurance Co., 151 N. Y. 88, 45 N. E. 381, which conflicts with the rule here applied. No other question requires discussion.

The judgment was clearly right, and must be affirmed, with costs. All concur.