ALEXANDER FINDLAY *v.* UNION MUTUAL FIRE INSURANCE COMPANY.

October Term, 1901.

Present: ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed May 22, 1902.

*Fire insurance policy—Validity of condition—Alienation—Forfeiture—Estoppel to assert.*

A provision in a fire insurance policy that an alienation of the property insured should avoid the policy, and that commencement of foreclosure proceedings should be deemed an alienation, is a material requirement for protection against an increase of the moral hazard, and is not void as against public policy.

Under such a provision, the service of the petition on the insured is the commencement of the foreclosure proceedings.

A statement by the secretary of the company, made to the insured two weeks after the loss under the policy, that the company would not rely upon this provision, does not estop the company from claiming a forfeiture of the policy thereunder.

SPECIAL ASSUMPSIT on a fire insurance policy. Plea, the general issue, with notice of special matter in defence. Trial by jury at the March Term, 1901, Washington County, *Wat-*

*son,* J., presiding.   Verdict ordered for the defendant.   Judgment thereon.   The plaintiff excepted.

*Edward H. Deavitt* for the plaintiff.

The provision of the policy relative to foreclosure proceedings is void as against public policy.   If upheld, it will enable insurance companies to avoid their policies on slight pretexts. In this case the company had assented to the mortgage and promised to pay the mortgagee in case of loss, to the extent of his interest.   The foreclosure did not increase the hazard. Effect can be given to the whole policy by holding that this provision is not one of the essential elements of the contract.   See *Brink* v. *Ins. Co.,* 49 Vt. 442; *Mascott* v. *Fire Ins. Co.,* 69 Vt. 116; *Billings* v. *Ins. Co.,* 34 Neb. 502; *Pratt* v. *Ins. Co.,* 130 N. Y. 206.

The proceedings are not commenced, within the meaning of this clause, until the petition is entered in court.   This appears from a consideration of the whole clause: "The commencement of foreclosure proceedings, or the levying of execution or judgment liens, shall be deemed an alienation."   The insured is not at fault until he has, by his neglect, allowed the case to go into court.

The evidence that Mr. Kemp, the secretary of the company, in a conversation had with the plaintiff's attorney two weeks after the fire, stated that the company would not rely upon this clause of the policy, should have been received.   It amounted to a waiver of that condition or the right to claim a forfeiture under it, and estops the defendant from setting up that claim, though made after the fire.   *Pratt* v. *Ins. Co., supra; Findeisen* v. *Ins. Co.,* 57 Vt. 520; *Iron Co.* v. *Assurance Co.,* 46 Wis. 23; *Mosely* v. *Ins. Co.,* 55 Vt. 142; *Noyes* v. *Ins. Co.,* 30 Vt. 659; *Ring* v. *Ins. Co.,* 54 Vt. 434; May on Ins. s. 497.

The question of waiver is one of fact and should have been submitted to the jury. *Donahue* v. *Ins. Co.,* 56 Vt. 524; *Findeisen* v. *Ins. Co., supra; Smith* v. *Ins. Co.,* 60 Vt. 682; *Mosley* v. *Ins. Co., supra.*

*Dillingham, Huse & Howland* for the defendant.

The proceedings were commenced when the petition was served. The intent of the clause in question was to avoid the policy when the risk became more hazardous, which was when the default of the insured made foreclosure proceedings necessary.

There was no waiver since the policy was already void when the offered statement was made. *Tarbell* v. *Ins. Co.,* 63 Vt. 58; *Williams et al.* v. *Ins. Co.,* 20 Vt. 222; *Tittemore* v. *Ins. Co.,* 20 Vt. 550; *Moulthrop* v. *Ins. Co.,* 52 Vt. 123.

MUNSON, J. The suit is upon a policy of insurance, which covered property on which there was a mortgage. The contract provided that an alienation of the property without the consent of the company should avoid the policy, and that the commencement of foreclosure proceedings should be deemed an alienation. A petition to foreclose the mortgage, dated May 10, 1899, and made returnable to the September term of that year, was served upon the plaintiff May 12, 1899. The property burned August 17, 1899, without notice of the foreclosure having been given to the company.

The plaintiff contends that the provision regarding foreclosure proceedings should be held void as against public policy, for the reason that it affords the company an opportunity to evade payment after all the substantial requirements of the contract have been complied with. But this claim fails at the outset, if the provision complained of is itself a material requirement; and we think it must be so regarded. The moral risk is universally recognized as an important consideration in determining the business of a company, and it is clear that this

risk is increased when the default of the insured has resulted in proceedings to foreclose his equity. It is well understood that the temptation to realize upon the policy when contemplating a probable loss of the property through inability to redeem, has an appreciable effect upon the statistics of losses. *McIntyre* v. *Norwich Fire Ins. Co.,* 102 Mass. 230, 3 Am. Rep. 458; *Springfield Steam Laundry Co.* v. *Traders Ins. Co.,* 151 Mo. 90, 74 Am. St. 521, 52 S. W. 238.

The plaintiff also claims that foreclosure proceedings are not commenced, within the meaning of this provision, until the suit is entered in court. The purpose of the provision to be construed is always regarded in determining what shall be considered the commencement of a suit. We think the service of the petition upon the insured must be regarded as the commencement under this provision. It is then that the insured has the knowledge that produces the increase of risk. From that time on he understands that he can avoid the consequences of his default only by the making of some payment or arrangement, and the moment when he will become convinced of his inability to do this, is entirely uncertain. The protection which the provision is designed to secure would not be obtained if the entry of the case were to be treated as the beginning of the suit.

The consent required was to be given by the endorsement of the secretary upon the policy. The plaintiff offered to show that two weeks after the fire the secretary told him that the company would not rely upon this clause. The plaintiff insists that this statement constituted a waiver of the right to claim a forfeiture, and estopped the defendant from making that claim. This position is untenable. The policy was void at the time, and the statement could not revive it. The plaintiff was not thereby induced to omit anything to his

detriment.   It was no longer in his power to do anything to establish a right of recovery.

*Judgment affirmed.*