[No. 10089.  Department One.  April 9, 1912.]

Algase Company *et al.*, *Appellants*, v. Corporation of The Royal Exchange Assurance of London, England, *Respondent*.[1]

Insurance—Fire Insurance—Forfeiture—Mortgage Foreclosure. A policy of fire insurance providing that the same shall be void, if with the knowledge of the insured foreclosure proceedings be commenced, is forfeited, where the policy was, subject to the conditions, assigned to a mortgagee, who commenced foreclosure proceedings and obtained a decree of foreclosure.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 27, 1911, dismissing an action on a fire insurance policy, upon sustaining a demurrer to the complaint.    Affirmed.

*David Perry Rice* and *Alosyius J. Speckert*, for appellants.

*E. H. Guie*, for respondent.

Dunbar, C. J.—This is an appeal from a judgment dismissing the plaintiffs' complaint, based upon an order sustaining defendant's demurrer thereto.    The action seeks to

[1]Reported in 122 Pac. 986.

recover an insurance of $800 upon household goods of the plaintiff Anderson. The complaint alleged that the policy of insurance sued upon contains the following conditions:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy.

"If with the consent of this company an interest under this policy shall exist in favor of the mortgagee, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

The policy was issued on November 18, 1908, for a term of three years, and was assigned to the Algase Company on October 19, 1909. The policy was transferred from Anderson to the Algase Company at the time of the assignment, and said assignment was regularly indorsed upon the policy in the following words:

"Subject to the terms and conditions of this policy, loss if any hereunder is hereby made payable to the Algase Company, mortgagee, as their interest may appear."

Subsequently the assignee commenced foreclosure proceedings against Anderson, and on April 27, 1911, obtained a decree of foreclosure. No subsequent proceedings were taken. On May 28, 1911, Anderson's house, together with all his household goods therein, was destroyed by fire. Presentation of claim was made, refused, and this action commenced.

The contention is that the court erred in sustaining the demurrer to the complaint. The appellants rely largely on the case of *Boyd v. Thuringia Ins. Co.*, 25 Wash. 447, 65 Pac. 785, 55 L. R. A. 165, but we are unable to determine that that case is decisive of the question raised in this. There the main question was, who was the party insured, and it was said that the general rule is that, where a mortgagor

procures a policy of insurance to be issued to himself, loss if any payable to the mortgagee as interest may appear, the former is the insured and subsequent alienation avoids the policy; and where the mortgagee is the party intended to be insured by the policy of insurance, no subsequent acts of the mortgagor will invalidate the policy of insurance. It is plain in this case that the original insurance was given for the benefit of Anderson.

*Port Blakely Mill Co. v. Springfield Fire & Marine Ins. Co.,* 59 Wash. 501, 110 Pac. 36, 140 Am. St. 863, 28 L. R. A. (N. S.) 596, is also relied upon by the appellants. But from an examination of that case, we are unable to make any application of the rule there announced to the case under consideration. There it was held that a policy warranting that diligence should be used that an automatic sprinkler system should at all times be in good working order does not warrant that the system shall be in good working order at all times, and the defense of breach of warranty, because of a temporary suspension of the system while repairs were being made, is not available where the court finds, and all the evidence shows, that due diligence was at all times used, and that the system was in good working order at the time of the fire. In that case it appeared from the whole record that the breach of the contract in relation to the sprinkler system could not have been the cause of the fire.

But in this case, it will be observed that there was a direct violation of the terms of the contract, and this violation was brought about by the action of the assignee, the Algase Company. It instituted the very proceedings which the contract said should avoid the contract if they *were* instituted, and it cannot be said with any degree of reason that the institution of such proceedings did not render the risk more hazardous. Under such a condition as was instituted by the assignee, the temptation to incendiarism became greater. The insured, Anderson, with his property imperiled by the foreclosure proceedings, would be more likely to turn to the remedy of de-

struction by fire than he would if the property had remained free of any foreclosure proceeding, or any other proceeding which tended to destroy his ownership in the property. The mortgagee accepted the assignment of the policy subject to all of the terms and conditions, and subject especially to the condition that the policy would be void if foreclosure proceedings were commenced. They were commenced with the knowledge of the insured. They were commenced with the knowledge and at the instigation of the Algase Company, and we are unable to understand upon what theory, if contracts are to be enforced at all, the appellants can escape the plain provisions of the contract which they made.

The judgment is affirmed.

PARKER, CROW, and CHADWICK, JJ., concur.