# Liverpool & London & Globe Insurance Company *v.* Lavine.

### *Assumpsit.*

(Decided June 4, 1912.   59 South. 336.)

1. *Insurance; Fire; Construction.*—A stipulation in a fire policy that it shall be void if the risk be increased by any means within the knowledge of the insured, refers only to any physical condition making the risk more hazardous, and does not, when standing alone, include an increase of risk by the act of persons with whom the insured has no connection, and over whom he has no control.

2. *Same.*—Conditions in a fire insurance policy cannot be extended by implication to matters not clearly within the conditions according to the usual and ordinary meaning of the words used.

3. *Same; Validity.*—A stipulation in a fire policy is valid which provides that the policy shall be void if with the knowledge of insured foreclosure proceedings be commenced, or notice given of a sale of any property covered by the policy, by virtue of any mortgage.

4. *Same; Construction.*—A court will construe a fire policy, and give it such construction and effect according to the language used by the parties thereto and their intentions.

5. *Same; Increased Risk.*—The mere fact of the commencement of proceedings by a mortgagee to foreclose a mortgage on property covered by a fire insurance policy does not as a matter of law substantially increase the risk within the stipulation of the policy that it shall be void if the risk is increased by any means within the knowledge of the insured.

6. *Appeal and Error; Harmless Error; Pleadings.*—It is harmless error to sustain demurrers to a plea where the defendant has the benefit of the same defense under another plea to which no demurrer was sustained.

[Liverpool & London & Globe Insurance Company v. Lavine.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Meyer Lavine against the Liverpool & London & Globe Insurance Company to recover the face of the policy. Judgment for plaintiff and defendant appeals. Affirmed.

ESPY & FARMER, for appellant. The court erred in sustaining demurrer to plea 4.—*Kelly v. St. P. F. & M. I. Co., 47* South. 748, and authorities there cited.

R. D. CRAWFORD, for appellee. The conditions mentioned in the policy refer to physical risks rather than moral hazard.—*Ins. Co. v. Sorrell,* 1 Baxter 352. The beginning of foreclosure proceedings under the mortgage is not an increase of risk.—*Phenix I. Co. v. Union Mut. Co.,* 101 Ind. 395. Increase of risk refers to physical condition only.—2 Clement on Fire Insurance, p. 291.

PELHAM, J.—The suit being on an insurance policy for loss or injury occasioned by fire, the defendant company set up in special pleas, together with other defenses, certain stipulations or clauses in the policy, and averred that the policy was void, or had become void because, with the knowledge of the insured, foreclosure proceedings had been commenced, by virtue of a mortgage on the property, before the loss occurred. Plea No. 3 is as follows: "This defendant says that this suit is based upon a policy of insurance issued by the defendant to the plaintiff on a certain house in the town of Opp, Ala., and that in said policy it is provided that said policy shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this pol-

icy by virtue of any mortgage or deed of trust. And plaintiff avers that, at the time the said house was destroyed by fire, there was a mortgage upon said house to one J. T. Spears, and with the knowledge of the plaintiff foreclosure proceedings had been commenced or notice given of sale of the said house covered by this policy by virtue of said mortgage to said J. T. Spears." Plea No. 4 is as follows: "And now comes the defendant in the foregoing cause and says that it is not liable on the policy of insurance sued on in this case, because before the said policy of insurance was issued to the plaintiff one Rubenstein, from whom plaintiff had bought the said house destroyed by fire, had made and delivered to one J. T. Spears a mortgage upon said house for the sum of $1,000, and that the said mortgage at the time said house was destroyed by fire was a valid and legal outstanding mortgage on said house; that there is a stipulation or clause in said policy of insurance to the effect that the said policy shall be void or become void if the risk be increased by any means within the knowledge of the insured. And the defendant avers that the risk under said policy was increased on account of the fact that the said mortgage from Rubenstein to said Spears was being foreclosed at the time the said fire occurred, and proceedings to foreclose same had begun at the time the said house was destroyed by fire. And defendant avers that the plaintiff had knowledge of the said mortgage as being outstanding against said house, and that said proceedings to foreclose had begun when said fire occurred." The court overruled the plaintiff's demurrers to the third plea and sustained demurrers to the fourth plea. The ruling of the court in sustaining demurrers to the fourth plea is assigned as error.

Under the third plea the defendant had the full benefit of the special stipulation in the policy whereby in plain and unambiguous terms it was invalidated if foreclosure proceedings were commenced with the knowledge of the insured. The general stipulation set up in the fourth plea, to the effect that the policy was to become void if the risk should be increased by any means within the knowledge of the insured, could not be taken, standing alone as a stipulation in the contract of insurance, to cover the matter of a foreclosure proceeding, for, unless expressly so provided in the policy, an increase of risk by the act of persons with whom the assured had no connection that would make him responsible for their acts, and over whom the assured had no control, would not avoid the policy, as the insured could defeat such a defense by showing that he was not a party to the increase of risk and that there was no stipulation in the policy making him responsible for such acts of third persons.

"Conditions in a policy will not be extended by implication to cover matters not clearly and unmistakably within the meaning of the condition according to the usual and ordinary meaning of the words used. The insurer has a right to ingraft any lawful condition he sees fit upon the policy; but he must do so by the use of terms that leave no doubt as to the extent and purport of the condition, and will receive no aid from forced inferences."—1 Wood on Fire Insurance, p. 587, § 249.

The validity and wisdom of such a provision in fire insurance policies as is set up in the third plea is not doubted. Such a stipulation has universally been held to be valid by the courts in practically all of the states; but to say that the court was in error in sustaining demurrers to the fourth plea would in effect be holding

as a matter of law that the general clause avoiding the policy because of the risk being increased by any means within the knowledge of the insured had reference to and included the acts of third parties for which he was not responsible and over whom the insured had no control, without having specifically contracted with reference to the acts of such third parties. It would also be holding as a matter of law that this act, if done by third parties, would constitute such a material increase in the risk as to invalidate the policy without a special stipulation in the contract to that effect, for, if we construe the stipulation or clause in plea 4 as an independent condition standing alone without regard to the clause set up in plea 3, this is the effect; and if we construe it in connection with the special stipulation set up in the third plea, and consider that the policy contains such a special clause, then overruling the demurrers to the fourth plea would be error without injury, as the defendant would have the benefit of this defense under the third plea.

Considering the fourth plea alone, and the averments therein contained as to the general stipulation in the contract of insurance, and the sufficiency of these allegations as tested by demurrer, we do not construe the general clause invalidating the policy because of any increased risk to embrace or have reference to the act of a third party commencing mortgage foreclosure proceedings. The company has a right to make its own contract, and specify the terms and conditions upon which it will take the risk, and it is for the court to construe the contract and give such effect to the language used as the parties evidently intended. If the provision set up in the third plea is embodied in the contract, the defendant gets the benefit of it as a defense under that plea; and it could hardly be said under any reasonable

rule of construction that the same contract would contain a special stipulation, and also a separate and distinct general clause having reference to and covering identically the same thing. If there is no stipulation, as set out in the third plea, contained in the contract, or we construe the general clause set up in the fourth plea as an independent condition without reference to the contract containing the other stipulation, and give to the language used in the general clause the meaning and effect evidently intended by the parties, then we do not think the plain, ordinary meaning of the words used has reference to or includes such an increased risk as set up in the fourth plea, but refers rather in a general way to any physical condition that would make the risk more hazardous.

Then, too, in the absence of an express stipulation to that effect in the contract (policy), it could hardly be said that the mere fact of the commencement of foreclosure proceedings by a third party would, as a matter of law, constitute such a material or substantial increase in the risk as to avoid the contract of insurance, under a clause having reference generally to any increase in the risk. Whether the clause was sufficient to avoid the policy being a question of law, to put the court in error for sustaining demurrers to the plea the clause or terms of the policy under which the defendant claimed the policy to be void should have been set out in the plea.—*Cont. Ins. Co. v. Parkes,* 142 Ala. 650, 39 South. 204.

The appellant's counsel cite and rely upon the case of *Kelly & Co. v. St. Paul Fire & Marine Ins. Co.,* 56 Fla. 546, 47 South. 742, 16 Ann. Cas. 654. The plea under consideration is that case set up a specific stipulation contained in the policy, whereby it was expressly agreed that the policy should become void if foreclosure pro-

ceedings should be commenced with the knowledge of the assured, and what was said by the court in that case had reference to such a clause. The statement in the opinion of the Florida case (*Kelly & Co. v. St. Paul Fire & Marine Ins. Co., supra*) with reference to such a special stipulation being "a wise and proper safeguard to the insurer against the greatly increased risk consequent upon circumstances provided against therein," we are inclined to agree with; but this was said in connection with the policy containing such a special stipulation and in passing on a plea setting it up, and does not militate against what we have said, or the propositions of law applicable to the case at bar as stated above.

We do not consider that the court erred in sustaining the demurrers to the fourth plea, and the case will be affirmed.

Affirmed.