## No. 10,806.

### NEWARK FIRE INSURANCE COMPANY *v.* PRUETT.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action on fire insurance policy. Judgment for plaintiff.

### *Reversed.*

1.   INSURANCE—*Fire Policy—Mortgagee.* Under the national board's standard mortgage clause, where the mortgagee of insured property, and payee under the policy, began foreclosure proceedings and received a certificate of sale pursuant thereto, without notice to the company as provided by the policy, he could not recover for a loss by fire.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Messrs. GARWOOD & GARWOOD, Mr. EVERETT BELL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PRUETT had judgment against the company after trial to the court in a suit on a policy of fire insurance, and the company brings the case here for review.

Pruett was mortgagee of the insured premises. The policy bore the national board's standard mortgage clause which contained the following:

"This policy, as to the interest therein of the said payee,

as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or possession of the property, nor by any increase of hazard; * * *

"Provided further that the mortgagee (or trustee) shall notify this company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, the same shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for any increased hazard; * * *"

"Failure upon the part of the mortgagee (or trustee) to comply with any of the foregoing obligations shall render the insurance under this policy null and void as to the interest of the mortgagee (or trustee)."

The mortgagee, without notice to the company, began foreclosure proceedings and received a certificate of sale pursuant thereto, after which and before any notice to the company, the insured building burned.

It requires no argument to show that the judgment cannot stand. Foreclosure proceedings increase the hazard. For that reason the notice was required. The condition is plain enough any way, but, if there were any doubt about its meaning, the doubt should be resolved so as to effectuate the purpose.

This court said: "Certainly, as a general proposition, it is to their mutual interest that the inducement to incendiarism shall be reduced to the minimum." *German Ins. Co. v. Hayden,* 21 Colo. 127, 136, 40 Pac. 453, 456, 52 Am. St. Rep. 206. The court was speaking of failure of title as increasing the hazard and of the mutual interest of the insurer and insured. There is no distinction in principle between that case and the present.

Counsel for defendant in error urge that the requirement of notice refers only to possible mortgages other than the one mentioned in the mortgage clause, because of the words "which shall come to the knowledge of said mortgagee", which, they say, could not refer to the mortgagee's own mortgage; but that is not the obvious or natural meaning, and it is clear from the form of the sentence, that these words do not refer to any mortgage but only to change of ownership or occupancy or increase of hazard. This is indicated by the words "and of—and of" separating the ideas preceding and following them, but more certainly by the purpose of the condition, namely, to guard against increase of hazard by foreclosure.

The judgment of the district court is reversed with directions to enter judgment for the defendant.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.