### HERRIN v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN.

(No. 1816; Nov. 14, 1933; 26 Pac. (2d) 637)

For the defendant and appellant there was a brief by *Lindsay & Larwill,* of Denver, Colorado, and *Edward T. Lazear,* of Cheyenne, Wyoming, and oral argument by *Mr. D. K. Wolfe, Jr.,* of *Lindsay & Larwill,* and *Mr. Lazear.*

332

For respondent there was a brief and oral argument by *Mr. Ewing T. Kerr,* of Cheyenne, Wyoming.

*Lindsey & Larwill, D. K. Wolfe, Jr.,* and *Edward T. Lazear* in reply.

RINER, Justice.

This cause is here by direct appeal from a judgment of the District Court of Laramie County, the action being one to recover a fire loss, under an insurance policy. The trial below was to the court upon the pleadings and agreed statement of facts. From these, it appears as follows:

On September 3, 1927, plaintiff and respondent Herrin was the owner of certain property, located

in Goshen County, Wyoming, consisting of a one story, shingle roof, frame dwelling house, a frame bunk house, and a barn and sheds attached. At that time, there was a mortgage on the aforesaid property and the real estate whereon it was situated, given by Herrin and his wife to J. H. Griffin and Brother, copartners, to secure the repayment of the sum of $2,000, said mortgage having theretofore been placed of record in the county last above mentioned. On September 3, aforesaid, the defendant and appellant, National Fire Insurance Company of Hartford, Conneticut, delivered to Herrin its fire insurance policy, whereby it insured said property for the sum of $800 for the period of five years from the date last mentioned, viz., until the 3rd day of September, 1932, which contained, among other provisions, the following:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, * * * (c) if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; or (d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard)."

On December 27, 1925, this mortgage was assigned to one Amanda Gerrett by an instrument, also, in due course, placed on the records of Goshen County. Two days later, or on December 29, she instituted foreclosure proceedings by advertisement, with the result that said property was sold to her by the sheriff of that county, on February 11, 1928, and she received a certificate of sale on that date, which was, likewise, promptly recorded.

On June 14, 1928, a written contract, signed by

both Amanda Gerrett and Daniel Herrin, was entered into, whereby she agreed to sell to him the property covered by the fire insurance policy, and the land above mentioned, for the sum of $2,504.87, $300 of the purchase price to be paid on or before November 1, 1928, and the balance on or before July 1, 1929. This agreement provided that, when the purchase price was fully paid by him to her, she should "make to" him, "his heirs or assigns, a valid title, in fee simple, to said land and for that purpose shall execute and deliver to him a good and sufficient warranty deed for the same," subject to the 1928 taxes. There also appeared, in the contract, the following clause: "It is understood and agreed that in the event that Daniel Herrin shall sell his equity in the land or in this contract, the entire unpaid principal shall become due and payable at once."

Thereafter, and until the time of the trial of the case in the district court, Herrin remained in continuous possession of the premises, although he never redeemed the property from the sale under the mortgage. It seems, also, that no sheriff's deed was ever issued to Amanda Gerrett at any time prior to the commencement of this action on August 4, 1932.

The insured property was destroyed by fire on April 15, 1932, about four and one-half months prior to the expiration of the five year policy.

It was agreed by the parties hereto, on the trial, as part of the stipulated facts in the case, that "the plaintiff received no actual notice of the foreclosure proceedings until Amanda Gerrett communicated with him on or about the 14th day of June, 1928, and advised him that she had foreclosed the mortgage she held on said property and had received a certificate of sale from the sheriff, and that she

then offered to sell the property back to him under a contract of sale."

The court below found, among other things, that the plaintiff "had no notice, whatever, of said foreclosure proceedings until he, the said plaintiff, received the contract for purchase, as aforesaid," and entered judgment in his favor for the amount of the policy and costs.

In urging that the district court erred in its disposition of the case, two contentions are presented by the appellant. First, it is said that foreclosure proceedings were commenced on the property covered by the policy, and, although these proceedings became known to plaintiff before the loss occurred, the insurer was never notified, and no written agreement relative to the matter was added to the policy. Second, it is insisted that there was a change in interest of the insured in the property in question without notice to the insurer and without its consent. It will be observed that these claims arise under the specific terms of the policy quoted above.

The clause providing that the policy should be void, unless otherwise agreed in writing, "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed," has been repeatedly construed by the courts, and, while there is some authority to the contrary (Bellevue Roller Mill Co. v. London & S. F. Ins. Co., 4 Ida, 307, 39 P. 196; North British & M. Co. v. Freeman, 33 S. W. (Tex. Civ. App.) 1091), the weight of authority sanctions, as the more reasonable view of the meaning of this language in a fire insurance policy, that stated by Judge Sanborn in Delaware Ins. Co. v. Greer, 120 Fed. 916, 57 C. C. A. 188, 61 L. R. A. 137. In that

case, in response to the contention, that the proper interpretation of the clause in question was that "the policy should become void only when the insured has knowledge of the foreclosure proceedings before or at the time when they are commenced," he said:

"It is plain that the effect of such a construction is merely to cancel this provision of the policy, for defendants in foreclosure proceedings are seldom informed of the time and place of their commencement at the time or before they are begun. * * * The meaning of these terms, when taken in their ordinary and popular sense, is that the policy becomes void if the foreclosure proceedings are instituted, and this fact becomes known to the insured, at any time before the fire occurs."

See also 4 Joyce on Insurance (2d Ed.), § 2270a; Schroeder v. Imperial Ins. Co., Ltd., 132 Cal. 18, 63 P. 1074, 84 Am. St. Rep. 17; J. I. Kelly Co. v. St. Paul Fire & Marine Ins. Co., 56 Fla. 456, 47 So. 749, 16 Ann. Cas. 654; Jones & Pickett, Ltd., v. Michigan Fire & Marine Ins. Co., 132 La. 847, 61 So. 846; Royal Ins. Co. v. Drury et al., 150 Md. 211, 132 A. 635, 43 A. L. R. 582; Newark Fire Ins. Co. v. Pruett, 75 Colo. 564, 227 P. 823; Algase Co. et al. v. Corporation of Royal Exchange Assur. of London, England, 68 Wash. 173, 122 P. 986; Neil Bros. Grain Co. et al v. Hartford Fire Ins. Co., 1 Fed. (2d) (C. C. A.) 904; Peterson v. Hudson Ins. Co., —— Ariz. ——, 15 P. (2d) 249. 14 R. C. L. 1126, § 305, says:

"The usual condition that a policy of insurance on mortgaged premises shall be void if, with knowledge of the insured, foreclosure proceedings be commenced, is not limited to foreclosure proceedings of which the insured had notice at the time or before they were commenced, but covers all such proceedings of the commencement of which he acquired knowledge at any time before the loss occurred."

Why a contract clause of the character we are considering is inserted in fire insurance policies and enforced by the courts is very concisely stated, in Hole v. National Fire Ins. Co., 122 Kan. 328, 252 P. 263, 50 A. L. R. 1113, thus:

"The reason for a provision for forfeiture on commencement of foreclosure is increase of hazard. Experience has taught insurance companies that, when property owners become financially unable to take care of their secured obligations, or are so neglectful of them that foreclosure must be resorted to, likelihood of fire becomes greater. Under conditions otherwise satisfactory, insurance on property covered by mortgage in good standing is as safe as insurance on unencumbered property. Insurance on property covered by mortgage in default and in process of foreclosure, involves greater risk. If with knowledge of all the facts an insurer does issue a policy on property covered by an overdue mortgage on which foreclosure may be commenced at once, and makes loss payable to the mortgagee, it is possible to say the provision for forfeiture on commencement of foreclosure was not intended to apply. (*Butz v. Farmers' Ins. Co.*, 76 Mich. 263.) Consent to insure under safe conditions, however, does not include or imply consent to carry the risk under conditions which have become hazardous, and if consent of the latter kind be negatived by a provision that the policy shall become void on commencement of foreclosure, the provision becomes operative when the condition creating the hazard occurs."

In the case at bar, the conceded facts establish that the mortgage held by Amanda Gerrett was foreclosed long before the loss occurred and that the parties to the policy entered into no additional agreement relative to that matter. Did the insured have knowledge of the foreclosure before the property was burned? If he did, then, under the authorities cited above, the policy was rendered void.

It has been held that, under a clause of this kind, the word "knowledge" means actual knowledge as distinguished from constructive knowledge. Funk v. Anchor Fire Ins. Co., 171 Iowa 331, 153 N. W. 1048; Brown v. Connecticut Fire Ins. Co., 197 Mo. App. 317, 195 S. W. 62.

As we understand the record, Herrin received actual knowledge of the foreclosure of this mortgage upon his property, on June 14, 1928, when, as he stipulated at the trial below, Amanda Gerrett "communicated with him," and "advised him that she had foreclosed the mortgage she held on said property and had received a certificate of sale from the sheriff." In Wade on Notice, referring to actual or express notice, the author says that it embraces "that which is communicated by direct and positive information, either written or oral, from persons who are personally cognizant of the fact communicated." It is difficult to perceive how knowledge of the commencement of foreclosure proceedings could be obtained from a more authoritative source than the very person who held the mortgage and who directed their institution.

The office of the word "until," it has been held, is "to fix some point of time or some event, upon the arrival or occurrence of which, what precedes will cease to exist." State ex rel. Rowe v. Kehoe, 49 Mont. 588, 144 P. 162; Marcellus v. Wright, 61 Mont. 274, 202 P. 381; Bud Hoard Co. v. F. Berg Co., 137 Okla. 16, 278 P. 273. Recalling the finding of the district court, mentioned above, that the plaintiff had no notice of the foreclosure proceedings "until" he received the contract of purchase, aforesaid, it may fairly be asserted that the appropriate meaning of the finding is that, after he had received said contract, he did have notice of those proceedings. When this finding is construed, in

conjunction with the stipulation of the parties as to what Amanda Gerrett herself told Herrin, and the fact of his execution of a contract, for the purchase of the property involved, of the character described, but one conclusion is, as it seems to us, possible, viz., that he had actual knowledge of the commencement of foreclosure proceedings on June 14, 1928. The contract itself declared that Herrin had but an "equity" in the property, it was so limited as to require the last payment thereon after the time for redemption from the mortgage foreclosure had expired and the complete title had passed to the mortgagee, and, additionally provided for the execution by her to Herrin of a warranty deed to the premises.

No cases have been drawn to our attention which declare or even intimate that such complete information as Herrin possessed on June 14, 1928, relative to the mortgage foreclosure proceedings, did not constitute knowledge within the terms of the clause in the fire insurance policy under consideration here.

These being our views concerning the first contention made by appellant, it follows that the fire insurance policy, aforesaid, was void at the time loss occurred, and it therefore becomes unnecessary to consider the second claim advanced by appellant.

The judgment of the district court must be reversed, with instructions to enter judgment in favor of the defendant.

*Reversed.*

KIMBALL, Ch. J., and *B*LUME, J., concur.