CASES IN THE SUPREME COURT

POYDRAS vs. DELAMARE ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE
PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND PRESIDING.

POYDRAS
vs.
DELAMARE ET AL.

Parol evidence will not be admitted, to show the *usual* rate of interest in a particular place in this state. The rate of conventional interest must be fixed in writing.

Where the principal, residing in France, draws on her agent in this state, to pay over a certain sum of money to a third person, with the usual interest, it amounts to nothing more on her part, than a promise to pay the amount with interest, on the presentation of the order at the place it is made payable.

On the refusal of the agent to pay the order of his principal, the latter is alone bound, and is not entitled to notice on such refusal.

The agent having funds of his principal in his hands, and refusing to pay them over to the payee of his principal, is not individually bound. The neglect of the agent to obey the directions of his principal, does not render him liable to a third person.

Where an order is drawn on a general or particular fund for part only, it does not amount to an assignment of that part, unless the drawee consents to the appropriation by the acceptance of the draft.

Benjamin Poydras de Lalande, the plaintiff in this case, alleges, that Madame Bonneau, separated from bed and board, from her husband, and residing at Nantz, in the kingdom of France, but represented in this state by Gustave Delamare, residing in the parish of Pointe Coupée, her attorney in fact, are indebted to her *in solido*, in the sum of two thousand one hundred and eight dollars and twenty-four cents, with ten per cent. interest thereon, for this, to wit: That on the 1st September, 1835, Madame Bonneau, at Nantz, drew a bill of exchange, to the order of this petitioner, on her agent, Delamare, requiring him to pay on demand the said sum, it being for the amount of two obligations, for eight hundred dollars each, which she owed this petitioner, and an account of five hundred and eight dollars, which he rendered the 1st September, 1835; and that she required her said agent or attorney in fact, to pay interest on said sums as had

been agreed on at various times, at the rate of ten per cent., the customary interest in the parish of Pointe Coupée, where the bill and all of said obligations were to be paid.

The plaintiff further shows, that said bill was payable at sight, and that when presented for payment, Delamare refused to pay the same according to the tenor thereof, and it was duly protested for non-payment; that Delamare had funds of Madame Bonneau in his hands, and was apprised, and knew for some time before the bill was presented for payment, that the plaintiff was the payee and holder thereof, but he refused, and still doth refuse to pay said bill. Wherefore he prays judgment *in solido* against said defendants, for the amount of said draft or order, with ten per cent. interest on the several sums composing it, from the time when they respectively became due.

Certain interrogatories were propounded to Delamare relative to his agency, the accounts and the funds of Madame Bonneau in his hands at the time of presenting the draft.

The defendant, Delamare, admitted the signature of Madame Bonneau to the draft sued on, but pleaded a general denial; and also excepted to answering certain of the interrogatories propounded.

On motion of the defendant's counsel, the interrogatories relating to the usual rate of interest, in this case, was struck out, and he having failed to answer the remaining ones, they were taken for confessed.

The cause was submitted to the court on the evidence adduced by the parties.

The district judge rendered judgment for the amount of the draft, with legal interest on two of the items composing the draft, and ten per cent. on the other against both defendants.

Delamare for himself, and as agent of Madame Bonneau, after an unsuccessful attempt to obtain a new trial, appealed.

*L. Janin*, for the plaintiff, contended that the interrogatories propounded, and the testimony offered to show in what sense

EASTERN DIST.
*March*, 1839.
─────────
POYDRAS
*vs.*
DELAMARE ET AL.

the defendant, Madame Bonneau, had used the words " *les intérêts d'usage*," in her written obligations of the 7th July, 1828, and 9th November, 1829, which the order or bill of exchange was drawn to cover, should have been allowed.

2. The plaintiff contends, that Madame Bonneau understood by these words conventional interest, at the rate of ten per cent. per annum, which she was always in the habit of paying on loans of money in Louisiana. This was the usual interest taken in Pointe Coupée, where her property was situated, and where the draft was made payable; and this is what she meant in using the words *les intérêts d'usage*. .

3. The words " *les intérêts d'usage*" contain a latent ambiguity, as used in this case, and parole evidence should be admitted to explain it. 3 *Starkie*, 1021.

*A. N.* and *R. N. Ogden*, insisted upon the nullity of the obligations given by Madame Bonneau before she went to France, and while she was a married woman in Pointe Coupée. These were entered into without any authorization from her husband, or that of a competent tribunal, and are therefore null and void. The draft sued on was given to take them up, and if she was not bound to pay them, she cannot be held liable for this.

*Eustis, J.,* delivered the opinion of the court.

The defendant, Madame Bonneau, on the 1st September, 1835, at Nantz, in the kingdom or France, drew an order in favor of the plaintiff or his order, on the defendant, Gustave Delamare, her attorney in fact in Pointe Coupée, requesting him to pay on demand the sum of two thousand one hundred and eight dollars and twenty-four cents, being the amount of two certain obligations, and of the balance of a settled account, which she owed the plaintiff. The order was presented to the defendant, Delamare, who refused to pay it: it was protested, but no notice was ever given to Madame Bonneau.

In the two obligations which were executed at Nantz, there is a stipulation on the part of Madame Bonneau, that

she should pay *les intérêts d'usage.* In the account, the balance of which formed the residue of the amount of the order, ten per cent. is the interest allowed by the parties. In the order, Delamare is directed to pay the amount mentioned *avec les intérêts stipulés aux dites obligations.*

We agree with the judge below in his opinion, which excluded parole evidence of the usual rate of interest at Pointe Coupée. The rate of conventional interest must be fixed in writing, and testimonial proof of it is not admitted in any case. *Louisiana Code,* 2895. The amount given by the judgment to the plaintiff, principal and interest, is correct.

The order given in France by Madame Bonneau to her agent, amounted to nothing more than a promise on her part to pay the amount with interest, at the presentation of the order in Pointe Coupée. She was not entitled to notice on the refusal of her agent to pay, which was in point of fact, a default on her part.

Although Delamare had funds of Madame Bonneau in his hands, at the time of the presentation of the order, and refused to pay it, we do not think the plaintiff on the evidence can maintain his action against Delamare. The order was to him, as her attorney in fact; it is so stated in the petition, and we do not think that by his neglect to obey the directions of his principal, that he has rendered himself liable in this action to the plaintiff. If the order be considered in the light of an assignment of that amount of money, in the hands of a third person, we should not be able to enforce it against the defendant, Delamare, at the instance of the plaintiff. It is well settled, that where an order is drawn on a general or particular fund, for a part only, it does not amount to an assignment of that part, unless the drawee consents to the appropriation by an acceptance of the draft; or an obligation to accept may be fairly implied from the custom of trade, or the course of business between the parties as a part of their contract. *Mandeville* vs. *Welch,* 5 *Wheaton,* 277.

There is nothing in the evidence, or in the relations of these parties, which will render Delamare liable under the operation of this principle. The judgment of the District

Where the principal, residing in France, draws on her agent in this state, to pay over a certain sum of money to a third person, with the usual interest, it amounts to nothing more than a promise to pay the amount with interest, on the presentation of the order at the place it is made payable.

On the refusal of the agent to pay the order of his principal, the latter is alone bound, and is not entitled to notice, on such refusal.

The agent having funds of his principal in his hands, and refusing to pay them over to the payee of his principal, is not individually bound. The neglect of the agent to obey the directions of his principal, does not render him liable to a third person.

Where an order is drawn on a general or particular fund for part only, it does not amount to an assignment of that part, unless the drawee consents to the appropriation by the acceptance of the draft.

EASTERN DIST. Court is reversed, so far as it relates to Delamare, and March, 1839. affirmed as to the defendant, Madame Bonneau : the appellee to pay the costs of the appeal.