No. 1736.—C. CASE, Receiver, etc. *v.* S. HENDERSON et al.

The holder of a check, drawn by a third party on a bank, has no action against the bank in case of refusal to pay. Therefore he can not oppose such check in compensation to his note held by the bank.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *J. D. Rouse*, for plaintiff and appellee. *Breaux & Fenner*, for defendants and appellants.

HOWELL, J. This is an action on a note by the receiver of the First National Bank of New Orleans against the maker and indorser, to which the plea of compensation is opposed, and is based on a check drawn on the bank by a third party, in favor of, and presented by, the maker, but payment thereof refused.

The first question is, did this refusal give the holder a right of action against the bank on the check? This question is answered in the negative by the United States Supreme Court, in the case of the National Bank of the Republic *v.* R. J. Millard, No. 211, December term, 1869, where it was fully examined and authorities cited. It was succinctly said: The right of the depositor is a *chose* in action, and his check does not transfer the debt or give a lien upon it to a third person without the assent of the depositary; there is no privity of contract between the holder of the check and the bank or depositary, and without this there is no foundation for an action by the former against the latter. See 2 Selden 412; 5 Bosworth 341; 21 Wendell 373; Byles on Bills, ch. Check on Banker. This principle is recognized in Poydras *v.* Delamare, 13 La. 98.

The defendants, then, as holder of the check, having no right of action against the plaintiff, can not compensate his debt therewith, because it is not equally demandable. C. C. 2205; 3 An. 617; 7 La. 564; 7 N. S. 517.

Judgment affirmed.

Mr. Justice Howe recused.