No. 1086.

S. MEYER vs. THE VICKSBURG, SHREVEPORT & PACIFIC RAILROAD COMPANY.

A debtor's indebtedness cannot be divided without his consent, and hence, he cannot be held liable for an order on a part of his indebtedness, unless he consents to the appropriation, by his acceptance of the draft, or unless an obligation can be implied from the custom of trade, or flows from the nature of the contract between the parties.

Custom cannot prevail against a positive law.

The provisions of Act 134 of 1880 form part of the contract between railroad companies and other parties undertaking public works and their contractors. Hence, a railroad company cannot be held liable on an order for money drawn by one of its contractors, before the latter has made provisions for the payment of the wages due to his laborers, or to those of his sub-contractors, and when said company has refused to accept such order.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson, J.*

112

*Richardson & Liddell* for Plaintiff and Appellant.

*F. P. Stubbs* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.  G. W. Cram, who was in the year 1882 a contractor of the defendant Company for the construction of a portion of their road, contracted a debt of $1,652.85 with the plaintiff Meyer.

His contract with the Company having been cancelled, and having no funds for the payment of plaintiff's claim, he drew in the latter's favor the following instrument:

" Jos. F. McGUIRE, Esq., Cashier:

" *Dear Sir*—Mr. S. Meyer has a bill against me for $1,652.85; this is for supplies furnished the men and for time checks.  I have offered him this as an order on you to pay the same from my June estimate—I allowing him one month's interest, to be added to the above.  Please arrange it mutually and satisfactorily, and oblige, yours truly,

GEO. W. CRAM."

Plaintiff brings this suit against the Company on that instrument, which he construes as operating an assignment in his favor *pro tanto* of the indebtedness of the Company to Cram.  He takes this appeal from a judgment rejecting his demand on a defense of general denial.

When the order was presented to the Company through its financial agent, it was refused, with the statement that Cram was indebted to it in the sum of $6,000, and that his estimates for the month of June would not be sufficient to meet his pay rolls and those of his sub-contractors, and his indebtedness to the Company.  Construing Cram's letter as an unconditional order for money, and admitting that when it was presented he had funds in the hands of the defendant, we cannot assent to plaintiff's proposition, that these circumstances operated an assignment under which the defendant could be held responsible for the amount which the draft called for.

It is elementary that a debtor's indebtedness is indivisible without his consent; and in this particular instance, the debtor's obligation to its creditor's employees and laborers was fixed and regulated by law, which imposes on railroad companies the duty of securing the laborers of contractors and sub-contractors for their wages earned in the construction of works for such companies.  Act 134 of 1880.  Under the provisions of that Act, the defendant could not be legally held as a debtor of Cram for the month of June, until his liabilities to his laborers and to those of his sub-contractors had been ascertained and provided for out of his earnings for that month.   Hence, it follows, that his order

in favor of plaintiff was properly refused by the Company, and hence, there could be no assignment of funds, the existence of which could not yet be legally ascertained and determined in amount. There is no force in plaintiff's argument, based on the alleged custom of the Company, in allowing a division of its indebtedness to contractors by paying orders as they were presented. No custom can be successfully invoked against the provisions of a law to the contrary. We understood the principle to be settled in our jurisprudence as follows: " where an order is drawn on a general or a particular fund for a part only, it does not amount to an assignment of that part, unless the drawer consents to the appropriation by an acceptance of the draft, or an obligation to accept may be fairly implied from the custom of trade, or the course of business between the parties as a part of their contract." Poydras vs. Delamore, 13 La. 98.

Under sound principles of jurisprudence, the provisions of Act 134 of 1880 must be construed as making part of the contract between the defendant Company and Cram, its contractor, and we hold that the rights and obligations between the Company and Cram must be treated and governed by that legislation, and not by any custom of trade, or past conduct of the parties.

The reliance placed by plaintiff on the principles enunciated by this Court in the Gomila case, 34 An. 604, cannot avail him as a support of the proposition which he advances in this case. That case merely enforced the obligation which resulted from the relations between a banker and his depositor, and it distinctly recognizes the difference of the relations existing on the point between ordinary debtors and creditors.

Our conclusion is, that the defendant cannot be held liable to plaintiff on the order which he makes the basis of his right to recover in the premises.

Judgment affirmed.