SOMMERVILLE, J.
Plaintiffs sue as the assignee of the insured under a fire insurance policy issued by the defendant company. From a judgment in favor of plaintiffs, defendant appeals.
The policy sued upon is known as of the New York standard form, which the companies doing business in this state are required by law to adopt.
The following part of a paragraph contained in said policy is the only one submitted for consideration:
“This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void if the * * * hazard be increased by any means within the control or knowledge of the insured; * * * or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice of sale of any property covered by this policy by virtue of any mortgage or trust deed,” etc.
The evidence is that the property insured was seized under foreclosure proceedings, with the knowledge of the insured; but that said proceedings were discontinued by the seizing creditor on payment to him of the debt due by the insured, and that subsequent to the release of the seizure the fire occurred which destroyed the property described in the policy.
It is argued on behalf of plaintiff that the condition or contract with reference to the policy, being void if the property insured was seized under foreclosure proceedings, was merely suspensive in its nature, and that the *850 risk reattached on the termination of said foreclosure proceedings.
The only question of law at issue is whether or not the defendant is liable under its policy in case of loss after foreclosure proceedings were commenced with the knowledge of the insured, in the absence of a written agreement indorsed on .the policy by the insurer extending the terms of the policy so as to embrace the time during which foreclosure proceedings continued.
It is entirely competent for the parties to stipulate, as they did in- this case, that this entire policy shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed.
This provision is not unreasonable. The insurer may have been willing to carry the risk at the rate charged and paid so long as the interest of the insured in the premises continued in the condition it was at the date of the contract. But the insurer may have been unwilling to continue the contract under other and different conditions, and so it had a right to make the above stipulation and condition on which the policy or contract would be terminated. The terms and conditions of the policy present no ambiguity whatever. There are several conditions contained in the policy, some of which, if not all, are separate and distinct and wholly independent of each other. The condition under consideration may properly be construed as if it stood alone; and, being a separate and valid stipulation between the parties, the violation terminated the contract of the insurer, and it could not be.thereafter made liable on the contract, without having waived that condition, merely because in the opinion of the court the seizure did or did not increase the risk. The specific thing described in the condition as avoiding the policy with the knowledge of the insured was one which the insurer had a right, in its own judgment, to make a material element' of the contract; and, being assented to by the insured, it does not rest in the opinion of other parties, the plaintiff, or the courts to say that it was immaterial, unless it actually increased the risk.
The trial court proceeded upon the theory that, the fire having occurred after the foreclosure proceedings had been discontinued and the seizing creditor paid, the said foreclosure proceedings did not constitute a breach at the time of the fire; that the increased risk, which was necessary to render the policy void, must be found to have existed at the time of the fire, and not at any preceding date.
The case of Imperial Fire Insurance Co. v. Coos County, reported in 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231, is similar in all respects to the one now under consideration. There the condition with reference to the employment of mechanics in tbe building insured for more than five days without the consent of the insurer was under consideration. The court there say:
“Contracts of insurance are contracts of indemnity upon the terms and conditions specified m the policy or policies, embodying the agreement of ■ the parties. For a comparatively small consideration the insurer undertakes to guarantee the insured against loss or damage upon the terms and conditions agreed upon and upon no other, and when called upon to pay, in case of loss, the insurer, therefore, may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer’s liability, and, in order to recover, the assured must show himself within those terms; and, if it appears that the contract has been terminated by the violation, on the part of the assured, of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has -violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is *852 immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made.”
And the court, in the course of its opinion, refers to many decisions of the several, state courts which it is unnecessary to review here. There are opinions from several of the state courts which are not in accord with the foregoing opinion of the Supreme Court of the United States; but the decision in the case of Imperial Fire Ins. Co. v. Cöös County has been pretty generally followed, particularly in the federal courts.
We have been referred to our decision in Power v. Ocean Insurance Co., 19 La. 28, 36 Am. Dec. 665, where we considered a clause in a fire insurance policy in the words that:
“In case of any transfer or termination of the interest of the insured, either by sale or otherwise, without such consent, this policy shall henceforth be void and of no effect.”
It appears that in that case the property insured was movable, consisting of a stock of groceries and fixtures which had been sold on credit, and; the purchase price not having been paid, the insured resumed possession of the property prior to the destruction of it by fire. We there held that the term used must be understood as relating to a case where the assured had absolutely and permanently divested herself of all interest in the subject-matter of the insurance; being then without any interest at the time of loss, the insured could claim no injury, and the policy was null and void. But we held that, by the ■effect of the implied resolutory clause in the sale on credit, the assured was restored to the possession and ownership of the property as if no sale or transfer had taken place; and that her interest, which had been parted with only on condition of her being paid the price, cannot be said to have absolutely terminated; and that, while there had been a suspension of the risk during the time that the purchaser had possession of the movable property, the risk revived as soon- as the property reverted back to the insured. This decision, in so far as it may be contrary to the law in the decision of the case presently under consideration, is overruled.
We have also been referred to our decision in Lapene & Ferre v. Penn Mutual Ins. Co., 8 La. Ann. 1, 58 Am. Dee. 668, where a maritime policy of insurance was under consideration. We therein follow the Supreme Court of the United States in admiralty cases; and the decision is without application here.
The judgment appealed from is reversed. It is further ordered, adjudged, and decreed that there be judgment in favor of defendant, dismissing plaintiffs’ demand at its costs in both courts.