(67 South. 827)

No. 21019.

RICHARD D'AIGLE CO., Limited, v. WEST-ERN INS. CO. OF PITTSBURG.

In re WESTERN INS. CO. OF PITTSBURG.

(Feb. 23, 1915.)

*(Syllabus by the Court.)*

1. INSURANCE &548;553—FIRE POLICY—LIABILITY OF INSURER—FALSE INVENTORY.

A policy of fire insurance containing the provision that, "this entire policy shall be void * * * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss," becomes void by the making of a false inventory going to show that the stock of goods destroyed by fire was more than twice its real value. And the insurer is not responsible to the insured for damages and injury to said stock of goods by fire, although he did not predicate his proof of loss upon the fraudulent inventory.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. &548;553.]

2. INSURANCE &548;553 — FIRE POLICY — FALSE INVENTORY—EFFECT TO BAR RECOVERY.

It is immaterial that a false inventory may have been not made for the purpose of deceiving the insurer, and that it was made for the purpose of making false representations to other parties. The question relates to the value of the goods destroyed for which the insured is making claim and it is material. The attempted fraud is a breach of the condition of the policy and is a bar to recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. &548;553.]

Certiorari to Court of Appeal, Parish of Calcasieu.

Action by the Richard D'Aigle Company, Limited, against the Western Insurance Company of Pittsburg. A judgment for defendant was reversed by the Court of Appeal, and defendant applies for certiorari or writ of review. Reversed, and judgment of District Court made judgment of Court of Appeal.

Thomas C. Plauche, of Lake Charles, for plaintiff. John C. Hollingsworth, of New Orleans, for defendant.

SOMMERVILLE, J. Plaintiff's claim is on a New York standard fire insurance pol-icy. It is resisted by the company on two conditions contained in the policy, namely:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated therein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss"

—and for the violation of the iron safe clause contained therein.

A judgment in favor of the defendant in the district court was reversed by the Court of Appeal, and the judgment of the latter court is before us for review.

The defendant company alleges that plaintiff made a fraudulent inventory in the latter part of the year 1912, a short time prior to the fire which destroyed the stock of goods belonging to plaintiff and insured by defendant, and that this inventory, together with one taken earlier in the same year, was submitted to the officers of the company after the fire.

[1] The policy required that at least one inventory should be made annually, and plaintiff made two inventories during the year. These inventories, together with others taken in previous years, were kept in an inventory book, and all of these inventories were submitted after the fire to the officers of the defendant company at one time. But, in making its proof of loss, plaintiff based its claim upon the inventory taken in the early part of the year, which was not shown to have been fraudulently made, and it seeks to evade the consequences of the provision of the policy quoted above which says that:

"In case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss," shall avoid the policy.

The condition is clear and explicit, and it is reasonable. Plaintiff did attempt to perpetrate a fraud when it entered a fraudu-

lent inventory upon its inventory book, and when it submitted this fraudulent inventory to the defendant company. It falsely misrepresented that it had a stock of goods of some $23,000 on hand, when in reality it had a stock valued at about $11,000.

In the case of Jones & Pickett, Ltd., v. Michigan Fire & Marine Ins. Co., 132 La. 847, 61 South. 846, where the insured showed that certain foreclosure proceedings against the property insured had been withdrawn and the claim was settled before the fire occurred, and that there was no existing seizure at the time of the fire, and that the risk had not been increased by such abandoned seizure, it was held that the condition providing that the policy should be avoided in the event of a seizure was a binding condition upon the parties and that the policy had been avoided by the violation of the condition, and that it (the policy) had not been revived when the seizure was released before the fire occurred.

In that case the decision in Imperial Fire Ins. Co. v. Coss County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231, was quoted from as follows:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guarantee the insured against loss or damage upon the terms and conditions agreed upon and upon no other, and when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated, or failed to perform, the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms and conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

[2] The contention of plaintiff that the fraudulent inventory made in September was not made for the purpose of deceiving the defendant, and that it had not made out its proof of loss from such false inventory, is immaterial. It submitted the two inventories made in 1912, together with inventories made in previous years, to defendant without any explanation whatever. The wide discrepancy between the two inventories caused the defendant to suspect fraud, and to refuse to pay the amount fixed in the policy. It may have been that the second, and fraudulent inventory, made in 1912, was made to deceive others when additional insurance was sought and obtained by plaintiff, or it may have been made for some other purpose.

In the case of Claffin v. Insurance Co., 110 U. S. 81, 3 Sup. Ct. 507, 28 L. Ed. 76, it was decided, as set forth in the syllabus:

"Although it appeared that the statements were not made for the purpose of deceiving the insurer, but for the purpose of covering up some false statements previously made to other parties,
"Held, that the motive which prompted them was immaterial, since the questions related to the ownership and value of the goods, and were material, and that the attempted fraud was a breach of the condition of the policy and a bar to recovery."

The case is with the defendant on the question of fraud, and it should have been decided in its favor. It becomes unnecessary to consider the iron safe clause which was also violated, by failing to keep all of the books of the plaintiff company in an iron safe while the place of business was closed; or by failing to have kept them in some place not ex-

posed to any fire which would destroy the building of the insured.

While the books of plaintiff which were not kept in an iron safe were not books in daily use for making entries therein, they were in use for reference by the bookkeeper and others, and they should have been kept in accordance with the agreement in the policy. Hiller v. Ins. Co., 125 La. 938, 52 South. 104, 32 L. R. A. (N. S.) 453.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal, First Circuit, Parish of Calcasieu, be annulled, avoided, and reversed, and the judgment of the district court be made the judgment of the Court of Appeal in this case.