PROVOSTY, J.
[1, 2] This is a suit upon a fire insurance policy, and the defenses are, among others, that, by an express stipulation, the policy was to remain in force “only while” the house insured “was occupied by tenant as a dwelling,” and that it was not so occupied at the time of the fire, nor for some days previously but was vacant, and, moreover, had not, when occupied, been used as a dwelling but as a boarding house or hotel; and again, that, by another express stipulation, the policy should be void “if the interest of the insured be other than unconditional and sole ownership”; and that at the time of the issuance of the policy, and for some time thereafter, the title stood in the state of Louisiana by virtue of a tax sale. There is no denying that the tenant took in boarders, both permanent and transient; but it is said that the same thing was done in all the houses of the village, there being no hotel. Be that as it may, the facts on the other grounds of defense are undisputed, and are fatal to plaintiff’s suit under well-settled law. These grounds of avoiding the contract appear narrow, but they are, all the same, perfectly solid. In Jones & Pickett v. Insurance Co., 132 La. 847, 61 South. 846, the ground was that foreclosure proceedings had been instituted against the property since the issuance of the policy; and this was held fatal, although the foreclosure proceedings had been discontinued before the fire, and therefore had in no wise contributed to the fire. See, in the some sense, D’Aigle v. Insurance Co., 136 La. 777, 67 South. 827; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231; N. Y. L. Ins. Co. v. Murtagh, 137 La. 762, 69 South. 165. In a word, the insurance contract has to be enforced as written. The tax sale to the state was subject to redemption, but it did not for that reason any the less convey the title; the title none the less stood in the state so long as the redemption had not taken place. Baker v. Smith, 44 La. Ann. 925, 11 South. 585. See brief of counsel, in this. Baker v. Smith Case, No. 9 of syllabus.
The judgment appealed from is set aside, and the suit is dismissed, at the cost of plaintiff in both courts.