# 7513

## STATE OF LOUISIANA
### PARISH OF ORLEANS

---

| | | |
|---|---|---|
| MICHAEL F. CARRANO | : | |
| Appellant, | : | No. 7513, |
| versus | : | |
| CONCORDIA FIRE INSURANCE COMPANY | : | COURT OF APPEAL. |
| OF MILWAUKEE, | : | |
| Appellee. | : | |

---

# O P I N I O N

Max Dinkelspiel, Judge.

------------------------------------

This cause comes before this court under the following state of facts:

Plaintiff bought, at partition sale under the orders of the Civil District Court, on the 4th of May, 1916, a certain piece of property on Annette street, consisting of a double cottage, and on the following day, the 5th of May, 1916, insured the property with defendant company for the sum of $800.00. The property was insured through Allen Mehle, the local agent in the City of New Orleans, who issued to plaintiff its policy of fire insurance No. 23367, insuring your petitioner against all direct loss or damage by fire on the property known by the municipal numbers 2215-2217 Annette, between North Miro and North Tonti, square St. Anthony street, in New Orleans, Louisiana; and the allegations further state that defendant company bound itself to your petitioner in the manner fully set forth in said policy and in the riders attached thereto, which policy was made a part of the petition; that on the night of July 29, 1916, the property so described in said policy of fire insurance was completely destroyed by fire, so that the event insured against in said policy having occurred the amount due in accordance with the said contract was payable to your petitioner, and that petitioner has complied with all the obligations the of said policy imposed upon him and has not violated any of its provisions; that immediately after the happening of said fire petitioner notified said defendant, but defendant failed, neglected and refused to furnish your petitioner with blank forms of statement and proofs of loss, and

■

denied any liability to your petitioner by reason of its said contract of insurance, thereby relieving your petitioner of the necessity of furnishing said proofs of loss to the defendant company, and that more than sixty days having elapsed since the happening of the fire and notwithstanding demand made upon said defendant, it has refused to pay your petitioner the amount of his loss in accordance with said contract of insurance.

The prayer is for judgment in the sum of $800.00, with interest from date of the fire, with the sum of 12% upon said principal and interest as damages; and, further, with reasonable attorneys' fees for the prosecution and collection of this loss, and that a reasonable attorneys' fee is 25% of the amount of said loss, interest and damages. For all of which plaintiff claims judgment.

The answer of the defendant denies its indebtedness as claimed, stating that it did issue a certain New York Standard Form of fire insurance policy bearing the number above stated, at the date stated and for the sum stated, on the conditions and warranties as provided by Act No. 105 of 1898 and the laws amendatory thereto, which said policy so issued was delivered to said petitioner, but was conditioned as provided in the said policy and made the controlling terms thereof, which conditions and warranties, under which and by which solely the said policy was issued and upon which its effectiveness was conditioned, being the completed contract between the parties, and the sole evidence of the conditions, terms and warranties upon which any right of recovery or any right thereunder could accrue. Defendant, answering further, avers and charges that a fire occurred on the morning of July 30, 1916, and as a result thereof certain damages occurred to parts of the property built upon the lot described in plaintiff's petition; that the entire property was not absolutely destroyed, but the fences and outbuildings on said premises

■

were not affected by the fire, and particularly denies that plaintiff had any insurable interest, or any ownership in fee simple as a sole and unconditional owner at the time averred as the happening of the said fire, or thereabouts, and refers particularly to the policy and the clauses which demand this ere recovery could be had. It admits notification by plaintiff, as stated, and that it did not furnish blank forms of proof of loss and statements; admits that it denied liability to petitioner of any rights against this defendant under the said policy of insurance; avers that it is provided as a warranty in the said policy of insurance that "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void, or if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground now owned by the insured in fee simple", and alleges further that it did not issue, nor is there annexed to and made part of the said policy, any agreement providing otherwise than as above stated, or relieving the insured of the warranties hereinabove set forth.

It further alleges that plaintiff attempted to purchase and acquire ownership in the property described in the said policy at a sale made under order of court in order to effect a partition between co-heirs and co-owners who had acquired their rights of ownership by inheritance, but that, at the time when the said order of court was issued, the court was not apprised of the fact that the said parties praying for a partition of the said property as heirs of Marie Tio, wife of George Robertson, were not the true owners of this property which this petitioner attempted to acquire by purchase at said sale; that the judgment ordering the sale of said property to effect a partition bears date December 15, 1915, and was signed on December 22, 1915; that long prior to the date on which said attempted sale and attempted adjudication occurred the property had been acquired by one Marie Tio, wife

of George Robretson, whose heirs, the said Harry Robertson, Joseph Robettson and others, - being the same parties who attempted to effect a judicial partition of the property described in the said policy - had failed and neglected to make payment to the State of Louisiana of the taxes for the year 1913, and following said failure the property then owned by her, and bearing the municipal numbers as shown in the policy of insurance - being the same property which had, after all legal advertisements and all formalities provided by law, been adjudicated to the State of Louisiana for the taxes of the year 1913, - the said property being assessed in the name of the then owners, and that the record of said sale was recorded and filed in the Conveyance records of this parish and in the Land Office of the State of Louisiana, all as provided by law; that the ownership of said property was in the State of Louisiana at the time when the petitioner herein attempted to acquire rights from other parties, and at the time when the said alleged sale and adjudication was made, hence petitioner acquired no insurable interest in the said property, nor was the petitioner the owner of said property at the time of the said fire, solely and unconditionally, nor did he own the land on which the said buildings were erected, in fee simple.

Defendant further alleges that no attempt was made to redeem the said property by the said heirs aforesaid until the 11th day of July, 1916, at which time, by Certificate 1710-X, the said property was redeemed to the heirs upon the payment of $27.23, covering the taxes, interest, costs and penalties for which the said property had been sold and adjudicated to the State of Louisiana for the taxes of the year 1913; and that no act of sale was made between the plaintiff herein and the heirs until August 19, 1916, long after the happening of the said fire.

Further alleging, defendant shows that the same property

was also sold and adjudicated to the City of New Orleans for the non-payment of city taxes thereupon, and adjudicated to the Nylka Land Company, - a one-half undivided interest in said property described in said policy of insurance, - the said sale having been made on account of the said Mrs. Marie Robertson having failed to pay the taxes to the City of New Orleans for the year 1910, the said property having been advertised for sale and sold on December 11, 1911, on which date the one-half interest in the said property was adjudicated to the Nylka Land Company, Limited; that the said property was again sold, following due legal advertisement, by the City of New Orleans for the non-payment of city taxes, and no attempt was made to redeem the said property until the 25th of August, 1916, when Mrs. Robertson paid the taxes for the year 1912, the said property having been sold as Sale No. 3063, for the taxes of 1912 by the City of New Orleans, as averred; that therefore the Robertson heirs were not the true and legal owners of the property during the month of December 1915, when his Honor, Judge Théard, signed the order of sale to effect a partition, nor were they the owners of said property on the 4th of May, 1916, the date of the adjudication to plaintiff, nor were they the owners of the property under date of July 29th or July 30th, 1916, the date of the happening of said fire, hence petitioner did not acquire and was not the sole and unconditional owner of the property under the dates given, nor was he the owner in fee simple of the land on which the buildings were erected as described in the policy of insurance. Defendant avers, specifically, and pleads the breach of the said warranties as above stated, and also that plaintiff had no insurable interest in said property at the time of the said fire. It avers a tender of the amount of the premium it had received, which plaintiff refused to accept. It admits its refusal to make payment, averring the breaches of the contract above set forth. It sets up the further fact that, following the happen-

ing of the said fire, the said claim of loss and damage was referred to its adjuster and a full disclosure of all the facts surrounding said policy of insurance was made to the attorney of the defendant and advice sought from him upon the question of whether or not liability existed, and was informed by said attorney that no liability existed against it, and, acting upon the advice of its counsel, in good faith denied its liability. It prays, finally, that xxx all its defenses be maintained and plaintiff's suit dismissed at his cost.

It subsequently filed, on the 7th of February 1918, its plea of estoppel, averring in that plea substantially the same character of defense that it had averred in its original answer.

The issues, so far as the facts in this case are concerned, are virtually admitted, and the only questions involved are questions of law.

Counsel for plaintiff, the appellant in this case, in his able argument, has cited numerous authorities, many of them from the highest courts of the land, in which — without endeavoring to go specifically into any of them — it has been held that in cases such as this, either where there was a mortgage on the property insured or a clause attempting to destroy the ownership and prevent recovery, if loss by fire was had, that it would not and did not become effective, and the companies were held, in numerous cases, to pay the loss. It has been decided, also, that where, as in this case, and under the laws of this state, there were tax sales either by the State or city and the property could be redeemed after a certain period of time, it followed, on this state of facts, that where a fire occurred the company was held liable; and many decisions are quoted, as stated, in both instances, and many others of a similar character. But it must be remembered that this court is bound to follow the Supreme Court of this State, where it

■

has positively decided otherwise, and the latest decision on this subject is found in the 140 La., 811, being the case of Perrin v. Stuyvesant Insurance Co., where, through Justice Provosty, the organ of the court, this language is used:

> "That, by another express stipulation, the policy should be void 'if the interest of the insured be other than unconditional and sole ownership' and that at the time of the issuance of the policy, and for some time thereafter, the title stood in the State of Louisiana by virtue of a tax sale. . . . . . . .

> "The facts are undisputed and are fatal to plaintiff's suit under well-settled law. These grounds of avoiding the contract appear narrow, but they are, all the same, perfectly solid. In Jones & Pickett v. Insurance Co., 132 La., 847, the ground was that foreclosure proceedings had been instituted against the property since the issuance of the policy; and this was held fatal, although the foreclosure proceedings had been discontinued before the fire, and therefore had in no wise contributed to the fire." (Quoting numerous authorities).

> "In a word, the insurance contract has to be enforced as written. The tax sale to the state was subject to redemption, but it did not for that reason any the less convey the title; the title none the less stood in the state so long as the redemption had not taken place." (Authorities).

And we find, in the case of Imperial Fire Insurance Co. v. Coos County, 151 U. S., 56, the following:

> "Contracts of insurance are contracts of indemnity, upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration, the insurer undertakes to gurantee the insured against loss or damage upon the terms and conditions agreed upon and upon no other, and when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to reaover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to a right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons or the conditions

or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms and conditions on which their contract shall terminate. The courts may not make a contract for the parties. Their function and duty consists in enforcing and carrying out the one actually made."

As to clause and sole ownership, the United States Supreme Court, in the case of Martha I. Hunt vs. The Springfield Fire Insurance Company, 196 U. S. Page 46, held that "the placing of a deed of trust, the equivalent of a mortgage, violated the condition as to unconditional ownership and prevented the recovery on the policy".

Bank of Cotton Valley vs McInnis Et al, Syllabus, pages 435-436 of 143 La. Reports, read as follows;

Contracts-Stipulations.

"It lies within the power of contracting parties to make any stipulation material to the contract, although such stipulation may seem to be of little value to either party, intellegeltly entering into a binding contract".

We find no escape from the reasoning of both the Supreme Court of the United States and the highest court of our own state; hence the judgment of the lower court in this case is affirmed.