No. 9242
Orleans

---

THERBONE, Appellant, v. COUGOT & JOUBERT, ET AL.

---

(March 15, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Brokers—Par. 8.**
An agent is not liable to third persons for nonfeasance or for mere omission of duty which he owes only to his principal.

Appeal from Civil District Court, Parish of Orleans, Division "B". Hon. M. M. Boatner, Judge.

Action by Eurina Therbone, wife of Berthoud Adams, and Berthoud Adams, to aid, authorize and assist his said wife, against Cougot & Joubert for damages for physical injuries.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Frank S. Norman, of New Orleans, attorney for plaintiff, appellant.

Emile Pomes, of New Orleans, attorney for defendant, appellee.

BELL, J. Plaintiff sues the defendant co-partnership and its members in damages for physical injuries which she alleges she sustained by falling down defective steps which were attached to property rented to her husband by defendants as agents for said property.

Describing the time and place of the accident and the nature and extent of the injuries sustained, plaintiff further alleges:

"That on or about the 3rd day of May, in the year 1921, your petitioner was occupying, with her said husband and family, the premises known as 2034 St. Peter street; that the real estate firm of Cougot & Joubert, an ordinary partnership domiciled and doing business in the city of New Orleans, this state, composed of Peter Cougot and Ernest Joubert, partners composing said partnership, all of whom reside in the city of New Orleans, State of Louisiana, and that the said real estate firm of Cougot & Joubert acted as agents of the owner of the said property, and that your petitioner does not know and did not know in whom title vested. That your petitioner is informed and believes that the rental agreement under which your petitioner's husband was occupying the property was made with the said real estate firm of Cougot & Joubert; that all rents were paid and dealings had with the above said real estate firm and at no time were the true owners of the said property disclosed to your petitioner, and your ptitioner avers that she was informed and believed that the said Cougot & Joubert represented and acted as agents of the deceased owner or owners of said property.

\* \* \* \*

"Petitioner further avers that the repairs

to said step which caused the injury to your petitioner were repairs which the lessor was bound to make. Petitioner further avers that the accident was caused solely and only by the gross carelessness and negligence and want of care on the part of the defendant and its agent in not remedying the decayed and ruinous condition of said steps and permitting it to become a menace to petitioner who was occupying the premises at the time. Petitioner avers the sill was insufficiently nailed to the main premises and the steps insufficiently nailed to the sill; that the steps were worn and rotten and that defendant was repeatedly requested to repair same on complaint of petitioner that the steps were unstable."

Defendants filed an exception of no cause of action. From a judgment maintaining the exception plaintiff has appealed.

There are no allegations whatever in the petition which set forth any privity of contract between the plaintiff and defendants.

The law governing this case, and upon which the exception was doubtlessly maintained by the learned judge of the trial court has been elaborately expounded beyond need of further comment in the case of Delaney vs. Rochereau & Co., 34 La. Ann. 1123. Rochereau & Co. of New Orleans were agents for property belonging to an absentee who resided in France. Plaintiff's son was killed by the falling of a defective front gallery forming part of the property. The agents were sued in solido for damages, upon the theory that they were liable to third parties for alleged dereliction of duty or nonfeasance in neglecting to keep the property in repair. The court, denying recovery, said, in part, as follows:

"Everyone, whether he is principal or agent, is responsible directly to persons injured by his own negligence in fulfilling obligations resting upon him in his individual character, and which the law imposes upon him independent of contract. No man increases or diminishes his obliga-

tion to strangers by becoming an agent. If, in the course of his agency, he comes in contact with the person or property of a stranger, he is liable for any injury he may do to either, by his negligence, in respect to duties imposed by law upon him in common with all other men.

"An agent is not responsible to third persons for any negligence in the performance of duties devolving upon him purely from his agency, since he cannot, as agent, be subject to any obligations toward third persons other than those of his principal. Those duties are imposed upon him by law. He has agreed with no one, except his principal, who alone can hold him responsible."

See also 31 Cyc., verbo "Principal and Agent", 1559, subtitle b, "Nonfeasance":

"An agent is not responsible to a third person for injury resulting from nonfeasance, meaning by that term the omission of the agent to perform a duty owed solely to his principal by reason of his agency." Poydras vs. Delamare, 13 La. 98.

The judgment appealed from is correct and should be affirmed.