SIMON, Justice.
In this action plaintiff seeks compensation for the alleged de facto expropriation by the Jefferson Parish Police Jury[1] of sixteen lots of ground which plaintiff claims as owner based on his purchase from the delinquent tax debtor and attempted redemption from the State of Louisiana. The district court sustained an exception of no right or cause of action and dismissed the suit. Plaintiff has appealed.
The allegations of fact contained in the pleadings, which, for purposes of disposing of the exception, must be taken as true,[2] show, in their chronological order, the following :
By authentic act dated January 9, 1954, plaintiff acquired from the delinquent tax debtor twenty-five lots of ground located in Jefferson Parish, Louisiana, the act having been duly recorded in the conveyance records of the Parish. The said lots having been previously adjudicated to the State of Louisiana for unpaid taxes for the year 1933, plaintiff, as owner, requested from the Register of the State Land Office a statement of the amount due for purposes of redemption. In complying with this request, the Register of the State Land Office, in addition to advising plaintiff the costs of redemption due the State, called his attention to the fact that such redemption could not be effected without a receipt from the Jefferson Parish Tax Collector showing payment of all taxes, penalties, interest and special assessments due the Parish of Jefferson. On January 25, 1954, plaintiff issued his check payable to the order of the Tax Collector of Jefferson Parish to cover the entire cost (both State and parochial) of redeeming the property. Plaintiff’s check was endorsed by the Jefferson Parish Tax Collector, deposited by the latter to the Tax Collector’s account, and payment thereof was made upon due presentment to the drawee bank. Plaintiff avers that he thereby had complied with all the requirements *220 of law to effect a legal redemption of his property.
On February 19, 1954, plaintiff, not having as yet received a certificate of redemption of the property, addressed a letter to the Register of the State Land Office expressing concern over the fact that the issuance of his certificate of redemption was being unduly delayed, advising the Register that he had paid all moneys necessary to effect the redemption, and requesting that some notation in the official records of the State Land Office be made to the effect that the property was being redeemed and thus bar any transfer thereof from the State to third parties to his prejudice.
On or about March 11, 1954, plaintiff was informed by the office of the Jefferson Parish Tax Collector that sixteen of the twenty-five lots acquired by plaintiff as aforestated had been transferred by the State of Louisiana and the State Department of Highways to the Police Jury of Jefferson Parish by private act dated March 3, 1954, duly acknowledged before a notary public, and registered in the conveyance records of the Parish on March 16, 1954.
Plaintiff avers that the Police Jury’s acquisition of title to these sixteen lots in the aforesaid manner constituted a de facto expropriation, and the taking thereof without just compensation deprived him of his property without due process of law in contravention of the provisions of Article 1, Section 2, of the constitution of Louisiana and of Amendment XIV, Section 1, of the Constitution of the United States.
In his amended petition plaintiff alleged that the reasonable market value of the property at the time of the taking was $200 per lot or a total of $3,200, and accordingly prayed for a judgment in that sum together with legal interest thereon from March 16, 1954, until paid.
In determining the correctness of the judgment maintaining the exception of no right or cause of action we are perforce confronted with the law on the subject of the redemption of adjudicated property for delinquent and unpaid State and Parish taxes, and thus determine whether the pleadings factually show that plaintiff fulfilled all of the mandatory conditions therein prescribed, thereby reinvesting title in the tax debtor or his successor with the corresponding right as owner to maintain this action for just compensation.
Article X, Section 11, of the constitution provides that property sold for unpaid taxes shall be redeemable at any time during three years counting from date of the recordation of the tax sale, by paying the price given, including costs, five per cent penalty thereon, and interest at the rate of one per cent per month until redeemed, the right of redemption being absolute during said three-year period.
In the instant case, the three-year period for redemption had long since expired, the property having been adjudicated to the State twenty years before the attempted redemption by plaintiff. When property has once been adjudicated to the State, LSA-R.S. 47:2224 allows a redemption beyond the three-year period constitutionally prescribed under certain conditions.
The pertinent provisions of that statute provide substantially that the owner or any person interested personally or as an heir, legatee, creditor or otherwise, in any lots or lands bid in for and adjudicated to the State for nonpayment of taxes, as long as the title thereto is in the State or any of its political subdivisions,[3] or if not heretofore contracted to be sold by such subdivisions, may redeem such lands by paying to the treasurer of the state the taxes, interest and costs and five per cent penalty thereon with interest at the rate of one per cent per *221 month until redeemed. Upon production of the treasurer’s receipt that such payment has been made, the Register of the State Land Office shall execute and deliver to such person a certificate of the same under the seal of his office, which, when duly recorded in the office of the recorder of mortgages of the parish wherein said property is situated together with the’ name of the person redeeming the same, shall be held and taken as evidence of the redemption of such land or lands. The statute further provides “that no such certificate of redemption shall be so issued to the person redeeming until and unless all state, parochial, district, and municipal taxes due on the property up to the date of redemption shall have first been paid; and provided further, that all certificates issued under the provisions of this section shall be in the name of the original owner, to enure, however, to the benefit of any and all persons holding rights under such owner.”
It is manifest from plaintiff's pleadings that at the time this suit was instituted, he had not fulfilled the mandatory procedural conditions of the foregoing statute for the redemption of the adjudicated property. First, he alleged that he issued his check payable to the order of the Tax Collector of Jefferson Parish to cover the entire cost of redeeming the property although the statute specifically directs that the person desiring to redeem the lots or lands “shall pay to the treasurer of the state,” the taxes, interests, costs and penalties due the state. Second, the pleadings fail to allege that the Register of the State Land Office was ever presented with any proof of payment of all taxes, interests, costs and penalties due under the statute, a prerequisite to the issuance of a certificate of redemption by that officer.
Although in oral argument counsel for plaintiff insisted that the manner in which plaintiff attempted to redeem this property is the customary way tax debtors redeem property in Jefferson Parish, the procedure for such redemption has been established by legislative enactment, supra, and custom cannot prevail over positive law. Villegas v. Latter, 223 La. 569, 66 So. 2d 339; Clement v. South Atlantic S.S. Line, 128 La. 399, 54 So. 920; Moore & Sinnott v. Louisiana Nat. Bank, 44 La.Ann. 99, 10 So. 407; Meyer v. Vicksburg, S. & P. R. Co., 35 La.Ann. 897; and Mathe v. New Orleans Sugar-Shed Co., 32 La.Ann. 631.
In Lovell v. Dulac Cypress Co., 117 F.2d 1, 4, the Fifth Circuit Court of Appeals, after recognizing the provisions of our statutes granting to the owner or tax debtor the right of redemption so long as the State has not sold or transferred the tax-adjudicated property, said:
“The statute and the decisions under it make it clear; that after the primary year (now constitutionally three years) has passed and before actual redemption, the state is absolute owner of, and can do what it will with the property; and that until redemption, the redemp-tioner has no right or title whatever in it. Home Land Co. v. Bryant, 6 La.App. 130; Baker v. Smith, 44 La.Ann. 925, 11 So. 585; Perrin v. Stuyvesant Ins. Co., 140 La. 812, 74 So. 110; St. Bernard Syndicate v. Grace, Register, 169 La. 666, 125 So. 848; Wall v. Rabito, 138 La. 609, 610, 70 So. 531; Board of Com’rs v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921 * * *."
We find no affirmative allegation in plaintiff’s petition that he made any payment whatever to the State Treasurer at any time as required by the statute, supra. We also fail to find any affirmative allegation that a receipt of payment was ever transmitted to the Register of the State Land Office, nor does he allege that he ever received at any time a certificate of redemption from the Register of the State Land Office which, once placed on record in the parish wherein the land is situated, constitutes a legal redemption as prescribed by the statute. Hence, it is manifest that fail *222 ing to have so alleged these facts his petition signally fails to disclose that a redemption of the property was ever legally made so as to assert a cause or right of action. We readily agree with the ruling of the trial judge, in view of the foregoing, sustaining the exception of no cause or no right of action and dismissing plaintiff’s suit.
For the reasons assigned, the judgment appealed from is affirmed, all costs to be paid by plaintiff.

. The Police Jury was replaced as the governing authority of Jefferson Parish by the Jefferson Parish Council, which was substituted as party defendant. La. Const., Art. XIV, Sec. 3(c), LSA.

. Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206, and eases cited therein.

. In State ex rel. Hodge v. Grace, 191 La. 15, 184 So. 527, 530, this court held that “when the act refers to title being in the state or any of its political subdivisions, it simply means the state or the political subdivision to which lands have been adjudicated for non-payment of taxes.”